Aldrich is not able and will not be with us this morning. He will participate in the disposition of all these cases and have the tapes of the oral arguments at his disposal. With that, Madam Clerk, will you call the first case? 313-0184 Michael Boyer v. Anaco Metals, Alabama Metal. Good morning, Counsel. You have 15 minutes to argue. I don't use the timing lights, but I'll hold you to the time, so I'd watch the clock. Thank you very much, Your Honor. I will not need that much time. My name is David Foyer, and I'm appearing on behalf of Michael Boyer, the petitioner of this matter. The matter is an appeal from a workers' compensation case. It involves a psychological problem. And I want you to think about two things first as I give my argument. First of all, I'm suggesting to you that the issue before you is a question of law, not a question of facts. The facts in this case are not disputed at all. What is disputed is the application of the facts to the law to come to a proper conclusion. So there's no factual issues that are in dispute in this case? That's my argument, that there are absolutely no factual issues. It is... What about the issue of the claimant's credibility? It makes no difference. The claimant has no credibility. The claimant is a psychologically damaged person. And so, of course, he has no credibility. That's a matter of law? The law says that? No. No, that's what his psychiatrist says. That's what I say. But from the legal issue before you, there's one legal question to be determined, and that is... Well, let me ask you a question. Is it a question of facts as to whether he was exaggerating his symptoms? He definitely was exaggerating his symptoms because he was... Well, maybe he was exaggerating psychological injuries, too. Pardon? Maybe he was exaggerating some psychological injuries, too. Well, the answer is that maybe he was, except that the psychiatrist that the insurance company hired thought he was genuine. Nobody else examined him. There is an expert... Wait a minute. There wasn't a psychologist that said that he was not... that his anger predated the work accident? No. No one said that? No. Not his anger, not his... No. No. Who's Dr. Grimm? Dr. Grimm is their psychiatrist. And what did he say about the claimant's condition? He said, in answer to my question, my question was, Doctor, from everything you've heard today, I'm coming to a conclusion that you would agree that the anger that Mr. Boyer was experiencing was causally related to the original accident and that it's a sequelae of that accident. Would that be correct? Answer, I think it's a fair statement. Correct. We then go on in the questioning, okay, and the anger he's feeling, well, to begin with, it's genuine anger. He wasn't just pretending to be angry. That's my question. Answer, I sensed it was genuine. There's no question that their expert found that Mr. Boyer had a psychological depressive problem that was causally related to the... You're talking about Dr. Grimm. I'm talking about... Which doctor are you talking about? Yes, that's right. And what about redirect examination? He testified that based on the history the claimant had provided him, the claimant's penchant for anger and blame predated his work accident. Okay. We all have preexisting psychological conditions, but before that, he was a man who was functioning quite normally in the workforce. There were no problems. He wasn't getting arrested. He wasn't beating up his wife. He was maintaining work. I mean, there's absolutely no symptomatology before that. There's no treatment before that. The man may have had a predisposition to react that way, but a behemophiliac has a worker's comp accident where he cuts his finger and then bleeds to death. It's a death case. It's not a finger case. You take the person as you find them. So, yes, this man may have had a predisposition, but the point is that the accident messed him up. The accident caused him to go over the brink. Dr. Grimm testified that his propensity to respond with anger predated and was not caused by the accident. Well, what was before the accident was obviously not caused by the accident. No doubt. Right. I mean, I don't understand this. A guy injures his shoulder in a work-related accident, and then now all of a sudden he wants to recover all sorts of psychological because he gets angry at people? No. What is it? The anger caused him to be disabled. Their doctor, the Dr. Grimm that we're talking about, said that the anger disabled Mr. Boyer to the point where he could not be employed, and that until he would learn to manage that anger, he could not be employed, and that the anger resulted from the trauma of the accident and his experiences. And who said that now? Their doctor. No, he just quoted me. He said it was not caused. The anger wasn't caused by the accident. He just read you his testimony. Well, he may have been angry about the accident, but the accident didn't cause the anger. This man had a propensity to go overboard along the course of the accident. Well, that's not what their expert says. Well, I just read you what he said, counsel. No, you're talking about a preexisting propensity towards anger. Yes. But their doctor specifically answered my causal connection question, and you're ignoring it. Yeah, but tell us what he said on cross-examination. Pardon me? What did he say on cross-examination? Redirect. Or a redirect examination, really. What did he say? So all of this propensity towards anger predated this man's injury. Yes. His propensity towards anger was not caused by this injury. Right. So he's got a propensity towards anger that isn't caused by the injury. He gets injured, and he gets angry about the injury. So you're going to tell us there's a causal connection between the injury and the subsequent anger? Absolutely. I don't think the commission said so. Well, their doctor said so. Counsel, the commission. No, the commission. Excuse me. Easy, easy, easy. I'm sorry. The commission answered it. Here, let's make a deal. Let's make a deal. You talk first. When I talk, you don't talk, okay? Fair enough. And when I ask a question, you answer the question. Absolutely. Okay. How about that? Now, listen. You've got a propensity towards anger, excessive anger existing before an injury. You have an injury, and then the man gets angry because of the injury. Now, do you want to tell us under a physical mental that that's recoverable? Yes. On what legal basis? Give me a case. The case that I cite in my points in authorities, the case of BMS catastrophe versus industrial commission. In this case, the petitioner tripped and fell and struck her head. This did not result in any serious physical injury, but it did result in total disability. The petitioner in this case, I'm sorry, that doesn't really answer your question. Okay, well, go on. The Rothberg case answers your question. In this case, a teacher with longstanding psychological problems, and here we're right on point, the Rothberg case says a teacher with longstanding psychological problems was awarded disability benefits because it was found that the accident had either caused or exacerbated his mental disorders. Prior history of mental problems. So that case would be based upon an aggravation of a preexisting condition. Exactly. Okay. And in this particular case, the commission found, I believe, that your guy was, how did they put it? Angry at the system. No, no, they went further than that. Noted that the claimant's anger was not supported by any diagnosis, was unreasonably self-serving, and completely controlled by the claimant. That was their finding. Well, it's just contrary to the testimony of the expert. The psychiatrist said it's causally related. How can we go beyond that? The insurance company hired a psychiatrist. He said that the preexisting condition was exacerbated, aggravated, to the point where this man developed a depressive disorder of such magnitude that he couldn't work anymore. That's what their expert says. Counsel, can I ask you to back up one step in the analysis and talk about the issue of whether or not anger is a compensable injury? It's not the anger. You see, you're not letting me get to the final point. Let me just preface it with this portion of the commission's decision. The commission identified that Dr. Grimm testified that anger is not a clinical diagnosis. There is not a formal diagnosis for anger. They went on to say that this does not arise to a compensable injury under the Act. So what are we talking about here? We're talking about not seeing the forest for the trees. We're using the wrong words and addressing the wrong questions. Okay. What is the forest? What needs to be looked at is that this man developed a psychological problem. He developed mental illness. Before that, he had a propensity for anger. He developed a depressive disorder. Anger is a manifestation. What is the diagnosis? The anger is a depressive disorder. He was diagnosed with having a depressive disorder. He was nuts. There was a diagnosis that he was mentally ill, and the mental illness resulted in his anger. And so it's not a question of what was he angry at. It's a question of why was he mentally disturbed. Why did he have mental illness? He had mental illness as a result of the accident. The air doctor says so. Just so that we're using the same terminology here, you're saying that the commission referred to the injury as anger, but that wasn't actually what the condition was. The compensable condition was a depressive disorder. Yes, which resulted in anger. It manifested itself in anger. He could have manifested itself in other ways. He could have become a recluse. He could have become scared of stepping on cracks. The point is he had a depressive disorder that resulted in his being unable to work. And their doctor tied it up that this is a result of the accident. I didn't bring in my own witness because I thought their witness said it perfectly. I asked their witness, are you sure he's not upset because his mother was mean to him when he was little? Oh, no. The answer was I think it comes from this. Well, and the commission didn't pull this anger business out of thin air. It was Grimm that referred to it in those terms. So you're saying somewhere within the testimony. That's right. The respondent's attorney very properly and skillfully redirected the issue and confused the issue because when we're talking about the anger, we're talking about a symptom. And when we talk about what the anger is directed at, we're getting far afield. It doesn't matter what the anger is directed at. It matters what caused the anger. The anger was caused by the mental illness which was caused by the accident. And so the commission focuses in their last sentences that this is not compensable because Mr. Boyer was angry at the whole system and therefore the system is what caused his disability and not the accident. That's nonsense. I don't have more to say. I'll answer more questions. Counsel, we'll give you some rebuttal. Thank you for your time. Counsel, you've got 15 minutes. Good morning, Your Honors. Mark Zaff on behalf of the respondent, Alabama Metals, the affilee in this matter. I'm here today to ask you to confirm the decision of the commission. Could you clarify one thing that we've had running with the questions with Collins Counsel? He is very clear. He's unequivocal with no room for difference of opinion that Grimm supports his case. What's your response to that? I would disagree with that. There is no treating psychologist or psychiatrist in this case in which has rendered a diagnosis of a mental condition. The petitioner was seen by Dr. Grimm because respondents IME with Dr. Lamme, who evaluated him, said there's no objective symptoms here to correlate with his subjective complaints. I think he's either malingering or he needs to see a psychiatrist. At that point, he was seen by psychologist Dr. Grimm here. My point in this is it's anger at the system that the claimant had here. Before you get to that, go back to the question. Did Grimm give a causal connection opinion, as counsel seems to believe, that supported the claimant's claim? I don't believe he did because he said that he definitely has anger. He's an angry man. He may have said on cross that the anger is causally related, but he clarified that to say that the petitioner picks and chooses when he's angry. It's not something that overtakes him. What's the difference between anger and a depressive disorder? Well, the doctor did one of the tests that came up with depressive disorder, but he said his anger overshadowed the depressive disorder. Well, he also said he was malingering. He also did say that the petitioner was clearly a malingerer. What he testified to, as far as the treatment he received, did not match the records that Dr. Grimm, the psychologist, reviewed. There's a lot of issues with regard to credibility on this case that goes to the issue of malingering. The petitioner here clearly doctor shopped with regard to his physical injury until the seventh doctor he saw agreed with what he was saying. Well, he has an answer to that. No, you're right. He's only claiming that he is. The sole issue before you is whether or not he is disabled because of his mental condition. I bring up these issues of credibility, though, because I believe they do go to the issue of whether or not he's malingering, as Dr. Grimm said. His physical therapist noted inconsistency with his pain complaints after 15 minutes. Several doctors, Dr. Kikorin, Dr. Michelow, indicated that his examination was out of proportion with his MRI, with his objective complaints. He had an inconsistent FCE. Dr. Shepard, a neurologist, said his condition is difficult to assess because all of his testing was normal. He had an MRI. He had an EMG, both of which were normal. Now, what about his chain of events evidence? Well established, you know what that means. The employee has a history of good health. Following a work-related accident, he's unable to carry out his duties. In this context, he's arguing, hey, Paul's under that theory because he was able to carry out his duties and he was able to perform physically demanding work prior to his injury, then he has the injury, then he can't perform the work anymore. So how is that not supported by the chain of events? Well, I don't think that Dr. Grimm is saying that he can't work because of his anger. I think that Dr. Grimm is saying that his work, his anger is self-directed. He picks and chooses what he's angry at. He is angry at the whole system. His prior counsel, not the present counsel, apparently had him come to some appointment where he missed his son's wedding. I mean, the man's definitely angry. He's angry at the whole system. He's angry at the IME doctors didn't agree with him. He's angry at everything. But Dr. Grimm was the only doctor to opine on the anger predating the work accident, correct? He was the only doctor. He's the only psychologist in this case. And Dr. Grimm pointed out that it clearly did preexist the accident date. He has a victim mentality. He believes that his parents were wronged by the doctors that they treated with that led to their early demise. He has angst against the medical community at large. Well, look, Grimm seems to testify that this guy responded with anger towards his injury in the system. And then, as I understand what Grimm says, but his propensity to do that was not caused by the accident. That's correct. He indicated his propensity to respond in anger was not causally related to the accident. That is a bit contradictory towards his testimony on cross-examination. But, again, I guess my point is that this is not a psychological diagnosis. Anger is not a psychological diagnosis. All the cases that Petitioner's Counsel points to support his cases are where somebody has treated with a psychiatrist, a psychologist. There's ample evidence to make a diagnosis in those cases. They find a causal connection between that and the workplace accident. In here, there's no treatment. There's no treatment by a psychologist, by a psychiatrist. There's no diagnosis of that. This case boils down to some cross-examination questions with regard to anger, with regard to respondents' IME, which essentially was done to see whether or not he was, in fact, malingering, as Dr. Lamy indicated was a strong possibility. And the record shows that he was malingering. He went through seven different doctors. Every single one of them said, you know, essentially, there's nothing wrong with you. The MRI is fine. I don't think that Petitioner wanted to accept what his doctors were telling him. Just the last point I want to make is to find this matter to be compensable, that anger is a compensable matter, would open the floodgates for claims at the Workers' Compensation Commission. I just can't imagine that the Petitioner has met his burden to show that he has a psychological injury as a result of his anger complaints in this matter. Thank you. Okay. Paul? Yes, thank you. It really doesn't matter what is disabling somebody. It could be physical pain. It could be mental pain. Anger absolutely is a legitimate cause of disability. It's a question of degree. Well, let me ask you again. Excuse me, counsel. Can you just stop talking? I'm sorry. You know, that's how this works. Substitute frustration for anger. Substitute sadness for anger in this analysis of yours. All of these are just manifestations of something. So the mental condition that you're claiming is compensable here isn't anger. It's something else. And this is what I was asking about earlier. Right. It's a depressive disorder. You're saying it's a depressive disorder. Right. So work backwards and say what is the evidence in terms of a diagnosis of depressive order and an opinion as to causation? And has that been clearly established here? Put the timing aside and just simply concentrate on those two. Well, the answer is yes. Dr. Grimm's testimony is crystal clear that this man has a depressive disorder that resulted in anger. He says so. No, no. We understand that. But the question becomes what caused the depressive disorder? Well, that's easy. Dr. Grimm says the trauma, the accident, and the experiences the man had subsequent. He didn't have before the accident as opposed to merely a manifestation of what he had before the accident. He definitely had something new in the sense that he previously had a propensity for anger. But he was fine. He was working every day. He was happily married. He engaged in hobbies. He was a normal man. After that, he was disabled. And so his propensity for anger was aggravated to the point where he was completely unable to work, according to their psychologist. Dr. Grimm says that the anger disabled the man totally. Okay, counsel, thank you. Thank you. The matter will be taken under advisement, and a written disposition will issue shortly.